UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TANIKKA WASHINGTON | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAUSE NO. 5:21-cv-1131 |
| | § | |
| | § | |
| DOLLAR GENERAL CORPORATION, | § | |
| DOLGENCORP OF TEXAS, INC. | § | |
| D/B/A DOLLAR GENERAL | § | |
| *Defendants*. | § | |

### DEFENDANT DOLGENCORP OF TEXAS, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendant Dolgencorp of Texas, Inc. ("Dolgencorp")—the only proper Defendant in this suit—hereby remove this lawsuit currently pending in the 438th Judicial District, Bexar County, Texas, Cause No. 2021-CI-22212, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy and respectfully shows the Court as follows.

### BACKGROUND

1. On October 10, 2021, Plaintiff filed her Original Petition in Texas state court. *See* **Exhibit A** Plaintiff's Original Petition. Plaintiff alleges that she was injured when an employee of Dollar General pulled down a tackle box off the top shelf, and then suddenly and without warning a metal object attached to the top shelf collapsed and landed Plaintiff's head, which caused her injury. *See* Exhibit A, Plaintiff's Original Petition, ¶ 4.1. Plaintiff alleges causes of action for negligence, premises liability, and gross negligence. *See Id.* Plaintiff demands monetary relief over $250,000 but not more than $1,000,000. *See Id.* Plaintiff demanded a jury trial. *See Id.*

2. Plaintiff served Dolgencorp with Plaintiff's Original Petition on October 22, 2021, by certified mail on its registered agent. *See* **Exhibit B** Executed Service.

3. The docket sheet to the state court action is attached to this notice. *See* **Exhibit C** State Court Docket Sheet.

## GROUNDS FOR REMOVAL

4. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

### A. Citizenship of the Parties

5. Plaintiff is a natural person who is a citizen of the State of Texas. *See* Exhibit A, Plaintiff's Original Petition, ¶ 2.1. Plaintiff has not pled any other facts of her residency, intention to leave Texas, or domiciles in other States. *Id.* Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

6. As for Defendant Dolgencorp of Texas, Inc., a corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated, and (2) the U.S. state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Dolgencorp is a foreign corporation incorporated under the laws of the State of Kentucky and its principal place of business is at 100 Mission Ridge, Goodlettsville, Tennessee 37072. Accordingly, Dolgencorp is a citizen of Kentucky and Tennessee and is not a citizen of Texas.

7. Defendant Dollar General Corporation is a corporation incorporated under the laws of the State of Tennessee and its principal place of business is in the State of Tennessee. To date,

there has not been any service of this lawsuit against Defendant Dollar General Corporation. Therefore, the parties are diverse.

### B. Amount in Controversy

8.  The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002).  The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  Generally, the removing party must file its notice of removal within thirty days of receiving the initial pleading that enables it to meet its burden through the avenues provided under *Allen*.  *See* 28 U.S.C. § 1446(b)(1).  However, the U.S. Court of Appeals for the Fifth Circuit has stated that to trigger the thirty-day removal period, the pleading must "affirmatively revea[l] on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."  *Chapman*, 969 F.2d at 163.

9.  Here, it is facially apparent from Plaintiff's Original Petition that the claim exceeds $75,000.00.  Specifically, Plaintiff alleges that she seeks monetary relief "to be over $250,000 but not more than $1,000,000." *See* Exhibit A, Plaintiff's Original Petition, ¶ 1.1.  Based on the foregoing, the amount in controversy clearly exceeds $75,000.00.

### REMOVAL IS PROCEDURALLY PROPER

10.  This notice of removal is timely filed with (30) days after Defendant have been served with service of process of the state court petition.  *See* 28 U.S.C. §1446(b)(3).

11.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the state court action was filed.

12.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

13.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of Bexar County.

## PRAYER FOR RELIEF

14.     The removing Defendant prays that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendant any such other and further relief to which they may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

 /s/ Joseph S. Ellis
**Jose " JJ"  Trevino, Jr.**
State Bar No. 24051446
jtrevino@valdeztrevino.com
**Joseph S. Ellis**
State Bar No. 24109840
jellis@valdeztrevino.co
*Counsel for Defendant Dolgencorp of Texas, Inc. d/b/a Dollar General*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 15th day of November 2021, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via electronic service:

Jacob D. Cukjati
Jeffrey J. Tom
MARTIN, CUKJATI & TOM, L.L.P.
1802 Blanco Road
San Antonio, Texas 78212
eservice@mcfirm.com
*Counsel for Plaintiff*

                                                */s/ Joseph S. Ellis*
                                                **Joseph S. Ellis**