**EXHIBIT A**

FILED
10/20/2021 4:08 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

3 CIT PPS / SOS   W JD

## 2021CI22212

CAUSE NO. _____

| | |
|---|---|
| TANIKKA WASHINGTON | IN THE DISTRICT COURT |
| *Plaintiff,* | |
| v. | ____ JUDICIAL DISTRICT |
| DOLLAR GENERAL CORPORATION, DOLGENCORP. OF TEXAS, INC. D/B/A DOLLAR GENERAL, | Bexar County - 438th District Court |
| *Defendants.* | OF BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND RULE 193.7 NOTICE OF RELIANCE AND RULE 609 REQUEST FOR NOTICE OF CRIMINAL CONVICTIONS

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES TANIKKA WASHINGTON, Plaintiff in the above entitled cause, complaining of DOLLAR GENERAL CORPORATION, DOLGENCORP. OF TEXAS, INC. d/b/a DOLLAR GENERAL, Defendants, and for causes of action would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN/NON-EXPEDITED ACTION

1.1.   The damages sustained by Plaintiff are ongoing and include both economic and non-economic elements. Plaintiff seeks to rely on the jury's valuation of the damages based on the evidence presented at trial. Nevertheless, Plaintiff must make a statement of the maximum amount of damages and, therefore, states that amount to be over $250,000 but not more than $1,000,000. Plaintiff reserves the right to amend these amounts if a jury awards an amount in excess of $1,000,000.

1.2.   Plaintiff requests a Level 3 discovery plan as provided by the Texas Rules of Civil Procedure.

## II.
## PARTIES

2.1.   Plaintiff, TANIKKA WASHINGTON is an individual residing in Bexar County, Texas.

2.2.   Defendant, DOLLAR GENERAL CORPORATION, is a Tennessee corporation doing business in Texas may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Room 105, Austin, Texas 78701, as Defendant's agent for service because Defendant is required by Texas Business Organizations Code section 5.201(a) to appoint and maintain a registered agent in Texas but Defendant has failed to do so. Therefore, pursuant to Texas Business Organizations Code section 5.251, service of process is proper on the Texas Secretary of State. Once the Texas Secretary of State has been served, the Secretary of State shall immediately mail a copy of the citation and Petition to Defendant by certified mail return receipt requested at 100 Mission Rdg., Goodlettsville, TN 37072-2171 or anywhere this Defendant may be found.

2.3.   Defendant, DOLGENCORP. OF TEXAS, INC., is a Kentucky corporation doing business in Texas and may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO. at 211 East 7th Street, Suite 620, Austin, Texas 78701 or anywhere this Defendant may be found.

2.4.   Defendant, DOLLAR GENERAL is an assumed name named in this lawsuit pursuant to Tex. R. Civ. P. 28 and believed to be operated by DOLLAR GENERAL CORPORATION and may be served with process by serving DOLLAR GENERAL CORPORATION, by serving the Texas Secretary of State at 1019 Brazos Street, Room 105, Austin, Texas 78701, as Defendant's agent for service because Defendant is required by Texas Business Organizations Code section 5.201(a) to appoint and maintain a registered agent in Texas but Defendant has failed to do so. Therefore, pursuant to Texas Business Organizations Code section 5.251, service of process is proper on the Texas Secretary of State. Once the Texas Secretary of State has been served, the Secretary of State shall immediately mail a copy of the citation and Petition to Defendant by certified mail return receipt requested at 100 Mission Rdg., Goodlettsville, TN 37072-2171 or anywhere this Defendant may be found.

### III.
### JURISDICTION AND VENUE

3.1.   Venue is proper in Bexar County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.001 et seq. because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Bexar County, Texas.

3.2.   This court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this court.

### IV.
### FACTS

4.1.   This is a suit for negligence arising from an incident that occurred at a Dollar General Store. On June 13, 2020, Plaintiff TANIKKA WASHINGTON entered the

Dollar General Store located at 2314 S WW White Road in San Antonio, Bexar County, Texas. Plaintiff requested a Dollar General store employee's assistance to obtain a tackle box from the top shelf in one of the aisles. At the same time, another employee on a step ladder in the same aisle pulled a tackle box down from the top shelf when, suddenly and without warning, a metal object attached to the top shelf collapsed and landed on Ms. Washington's head ("the Incident").

4.2.   As a result of Defendants' DOLLAR GENERAL CORPORATION, DOLGENCORP. OF TEXAS, INC. d/b/a DOLLAR GENERAL (collectively referred to herein as "DOLLAR GENERAL") negligence and the dangerous condition of the premise, Plaintiff sustained personal injuries requiring medical examination and treatment. Further, Plaintiff suffered physical impairment, disfigurement, loss of wages, loss of earning capacity, and pain and mental anguish.

## V.
## CAUSES OF ACTION

5.1   Plaintiff incorporates all factual allegations made above as if fully set forth herein.

5.2.   Plaintiff asserts the following claims and causes of action against Defendants DOLLAR GENERAL CORPORATION, DOLGENCORP. OF TEXAS, INC. d/b/a DOLLAR GENERAL:

### Plaintiff's Cause of Action for Negligence and Premises Liability Against Defendants DOLLAR GENERAL CORPORATION, DOLGENCORP. OF TEXAS, INC. d/b/a DOLLAR GENERAL

5.3.   At all times relevant to this action, Plaintiff TANIKKA WASHINGTON was an invitee on Defendants' premises. Defendants DOLLAR GENERAL

- 4 -

CORPORATION, DOLGENCORP. OF TEXAS, INC. d/b/a DOLLAR GENERAL (collectively, "DOLLAR GENERAL") owned, operated, and/or controlled the premises where the subject incident occurred. Defendants owed Plaintiff a duty to exercise ordinary care to protect the Plaintiff from those risks of which Defendants were actually aware and also to protect Plaintiff from those risks Defendants should have been aware by reasonable inspection.

5.4.    Defendants had actual or constructive knowledge of the dangerous condition of premises and had actual or constructive knowledge that the metal object on the shelf that came loose and struck Plaintiff posed an unreasonable risk of harm to her and was an unreasonably dangerous condition.  Because Defendants knew of the hazard(s), or reasonably should have known of the hazard(s), they had a duty to make the condition safe or warn of the dangerous condition.  Defendants failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn her of the hazardous condition and failing to make that condition reasonably safe. This breach caused the metal object to fall and injure Plaintiff, causing her injuries.

5.5.    Based on information and belief, Defendants had actual or constructive knowledge of the shelf's dangerous condition that customers were walking under and it was the policy of the Defendants to properly secure the metal object to the shelf and/or to make the shelf safe, but Defendants failed to warn Plaintiff or otherwise make the condition safe.

5.6.    In addition, Defendants also owed Plaintiff statutory and common law duties

- 5 -

to exercise reasonable care and prudence in safely stacking and removing object(s) from the shelf in the aisle where Plaintiff was injured. Defendants breached that duty by the following acts and or omissions, independently and or collectively:

A.    Failing to properly secure the metal object to the shelf;

B.    failing to safely and properly remove metal object from the shelf;

C.    Failing to properly train its employees to safely remove object(s) from the shelf;

D.    Overloading and/or overstacking the shelf with object(s) or materials that could cause the shelf to collapse;

E.    failing to inspect the shelf;

F.    failing to make necessary safety inspections of the shelf;

G.    failing to adequately warn store patrons about unreasonably dangerous conditions associated with the shelf;

H.    failing to ensure its employees safely and adequately performed inspections of the shelf;

I.    failing to enforce policies and procedures so as to prevent unreasonable risk of harm to individuals, like Plaintiff;

J.    failing to act as a reasonable and prudent person would in the same or similar circumstances;

K.    failing to warn of the danger or make said condition safe; and

L.    other acts and/or omission to be proven at trial.

5.7.    As a result of Defendants' negligence, Plaintiff sustained personal injuries and damages for which Plaintiff hereby sues.

5.6.    The negligent acts and omissions committed by Defendants' servants, agents, and employees, while acting in the course and scope of their employment for Defendants, were in breach of Defendants' duties to Plaintiff. Defendants are vicariously liable for the negligent acts of their servants, agents, and employees,

while acting in the course and scope of their employment for Defendants.

## Gross Negligence against Defendants DOLLAR GENERAL CORPORATION, DOLGENCORP. OF TEXAS, INC. d/b/a DOLLAR GENERAL

5.6    Each of the above-listed acts and/or omissions by Defendants DOLLAR GENERAL CORPORATION, DOLGENCORP. OF TEXAS, INC. d/b/a DOLLAR GENERAL (collectively, "DOLLAR GENERAL") taken singularly or in any combination, rise to the level of gross negligence. Defendants' acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others like Plaintiff. Defendants were the owner and in control of the premise and the shelf, and responsible for Plaintiff's safety and those similarly situated. Defendants knowingly disregarded its duty to ensure safe work practices regarding removal of object(s) from the shelving and maintenance and repair of the shelf that struck Plaintiff; that is, Defendants knowingly disregarded its duty to protect Plaintiff (and those similarly situated) from the injuries suffered by Plaintiff. Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others similarly situated. Therefore, Defendants' conduct amounts to gross negligence for which Defendants are liable for exemplary damages.

## RES IPSA LOQUITUR

5.7.    In the alternative, and in the event Plaintiff is unable to prove specific acts of negligence on the part of Defendants, Plaintiff asserts and relies on the doctrine of *"res ipsa loquitur."*

5.8.    In this connection, Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence on the Plaintiff's part, in that a metal object fell from the shelf on Plaintiff's head. In addition, the shelf in question was within the exclusive control and management of Defendants at the time the negligence occurred.

5.9.    Plaintiff's own conduct did not contribute to the injuries in any way, and but for the negligence of Defendants, Plaintiff would not have been injured. Plaintiff therefore invokes the doctrine of *res ipsa loquitur* to establish negligence on the part of Defendants.

## VI.
## DAMAGES

6.1.    As a direct and proximate cause of the occurrence made the basis of this lawsuit, Plaintiff sustained damages and hereby sues to recover the following:

      A.    Costs for reasonable and necessary medical care in the past and future;

      B.    Physical pain and mental anguish in the past and future;

      C.    Physical impairment in the past and future;

      D.    Physical disfigurement in the past and future;

      E.    Loss of wages in the past and future; and

F.      Loss of earning capacity in the past and future.

## VII.
## JURY DEMAND

7.1.    Plaintiff demands a trial by jury and tenders the requisite fee.

## VIII.
## NOTICE OF RELIANCE

8.1.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice of intent to utilize all documents and tangible items produced by any party through discovery, together with all deposition exhibits and documents obtained by written questions, in any pre-trial proceeding and/or trial.

## IX.
## REQUEST FOR NOTICE OF CRIMINAL CONVICTIONS

9.1.    Pursuant to Rule 609 of the Texas Rules of Civil Evidence, request is hereby made for written notice of intent to use evidence of a conviction, if any, against any of the witnesses named by Plaintiff as persons with knowledge of relevant facts. Sufficient advance written notice of intent to use such evidence is requested to provide a fair opportunity to contest the use of such evidence.  Said notice is requested not later than thirty (30) days before trial.

## X.
## DESIGNATED E-SERVICE EMAIL ADDRESS

10.1. The following is the undersigned attorney's designated e-service email address for all eserved documents and notices, filed and unfiled, pursuant to Tex. R.

Civ. P. 21(f)(2) & 21a: eservice@mcfirm.com. This is the undersigned's only e-service email address, and service through any other email address will be considered invalid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that DOLLAR GENERAL CORPORATION, DOLGENCORP. OF TEXAS, INC. d/b/a DOLLAR GENERAL Defendants, be cited to answer and appear and that, upon a final hearing of the cause, judgment be entered for the Plaintiff for actual and special damages, together with pre- and post-judgment interest as allowed by law, costs of Court, and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**MARTIN, CUKJATI & TOM, L.L.P.**

Jacob D. Cukjati
State Bar No. 24101188
Jeffrey J. Tom
State Bar No. 24056443
1802 Blanco Road
San Antonio, Texas 78212
Telephone: (210) 223-2627
Facsimile: (210) 223-5052
Email: eservice@mcfirm.com

By: /s/ Jacob D. Cukjati
Jacob D. Cukjati
State Bar No. 24101188

ATTORNEYS FOR PLAINTIFF

- 10 -